Death Opinion
















IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,921






PRESTON HUGHES, III, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL


FROM HARRIS COUNTY





 Alcala, J., filed a concurring opinion.


CONCURRING OPINION



 I respectfully concur in the Court's denial of relief for appellant, Preston Hughes, who
is scheduled to be executed in an hour for capital murder, as to (1) his motion to stay the
execution and (2) his appeal from the trial court's denial of his motion for DNA testing. I
agree with the conclusion of the trial court and this Court that appellant filed his motion three
days before today's scheduled execution in order to unreasonably delay the execution of
sentence and administration of justice in violation of Texas Code of Criminal Procedure
Article 64.03(2)(B). See Tex. Code Crim. Proc. art. 64.03(2)(B). I write separately to
elaborate upon this point.

 Appellant's present motion seeks to test the same items that his attorney obtained for
DNA testing a decade ago when, pursuant to a January 2002 order granting appellant's
request for DNA testing by the Honorable Kenneth Hoyt, Judge, United States District Court,
S.D. Texas, those items were delivered to Orchid Cellmark, the laboratory that conducted the
testing. Judge Hoyt's order released to appellant or his designated representative items for
testing by Cellmark. Cellmark identified those items as a pair of shorts, blue jeans, three
shirts, a knife, a sheath, and a vaginal swab. The laboratory report to which appellant refers
in his present motion refers to the report generated by Cellmark detailing the test results for
DNA found on the pants. That report in no way suggests that the other items were or were
not tested; rather, it discusses the pants only and is silent with respect to the other items. 

 Given that Judge Hoyt ordered that all the items be tendered to appellant for testing,
it is reasonable to conclude either that (1) the other items were tested, and appellant has not
disclosed those results in this present motion because they are not favorable to him, or (2) the
other items were not tested because appellant did not request testing, despite the fact that
Judge Hoyt had made the items available to him for the specific purpose of DNA testing. In
either case, it is clear that appellant has filed this motionto have the same items tested to
which he has had access for over a decadeon the eve of his execution in order to
unreasonably delay the execution of sentence and administration of justice. See id.

 In his motion for testing, appellant states, "The report did include a note indicating
that some other items were in fact tested, but the results were deemed insufficiently reliable
for interpretation." The Cellmark report attached to appellant's motion does not include any
mention about any items other than the pants. Perhaps appellant is referring to the comment
within the report that states, "In addition to the profiles obtained from the items referenced
in this report, weak results were observed. These results may be due to the presence of DNA
from more than one individual or to technical artifacts, and, therefore, were not interpreted."
This comment, read in context, explains why some of the DNA found on the pants could not
be further interpreted. It does not refer to any item other than the pants. 

 Appellant also suggests that he is entitled to additional testing under Texas Code of
Criminal Procedure Article 64.01(b)(2), which provides that previously tested evidence "can
be subjected to testing with newer testing techniques" that are reasonably likely to produce
more accurate results. First, appellant has produced no evidence as to whether the other items
have been tested or that, if they have, newer techniques would produce more accurate results.
See Tex. Code Crim. Proc. art. 64.03(2)(a) (defendant must establish by a preponderance
of the evidence that he would not have been convicted if exculpatory results had been
obtained through DNA testing; and that the request for testing is not made to unreasonably
delay the execution of sentence or administration of justice). Rather, the record undermines
his claim and contains other physical evidence connecting appellant to the offense, including
the victim's glasses, which police found in his apartment, and DNA found on appellant's
pants that matched the victim with a certainty of 1 in 200,000, a fact that appellant
acknowledges in his last-minute appeal. (1) Second, this provision does not excuse final-hour
pleadings filed for the purpose of delay, which the circumstances of appellant's filings
establish. See id. 

 With these comments, I concur in the Court's opinion. 

 Alcala, J.


Filed: November 15, 2012

Do Not Publish

1. Though appellant discounts the probativeness of this evidence given the bloody nature
of the offense and the purported absence of visible blood on appellant's clothing. He speculates that
the presence of the victim's DNA on his pants was due to contamination during testing.